**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAPTAIN NICHOLAS S. STEWART, ) | |
| United States Marines         ) | No: _____ |
| 2451 Midtown Avenue           ) | |
| #610                          ) | |
| Alexandria, Virginia 22303,   ) | |
|                               ) | |
|            Plaintiff,         ) | |
|                               ) | |
|        v.                     ) | |
|                               ) | |
| HONORABLE RAY MABUS           ) | |
| Secretary of the Navy         ) | |
| (in his official capacity)    ) | |
| 1000 Navy Pentagon            ) | |
| Washington, D.C. 20350-1000   ) | |
|                               ) | |
|            Defendant.         ) | |

**COMPLAINT FOR JUDICAL REVIEW,**
**DECLARATIVE AND INJUNCTIVE RELIEF**

**Introduction**

Plaintiff, Captain Nicholas S. Stewart, USMC, is an active duty Captain of Marines who was wrongfully convicted by court-martial in violation of the United States Constitution when twice placed in jeopardy for the same offense. Plaintiff's conviction was overturned by the United States Court of Appeals for the Armed Forces and the charge against him was dismissed with prejudice by that Court. This action seeks judicial review of that portion of the decision of the Board for Correction of Naval Records which failed to provide Plaintiff with the "thorough and fitting relief" mandated by law regarding

plaintiff's promotion and its delay and ultimate expiration due to the denial of procedural due process; and to compel the Secretary of the Navy to comply with the statutory mandate of Article 75, UCMJ, 10 U.S.C. § 875, to restore plaintiff to all rights, privileges and property lost as a result of his wrongful conviction and sentence, by first removing his deemed failure of selection occasioned by his wrongful court-martial conviction, by either re-nominating him to the Senate for promotion to Major in accordance with the findings of the FY 2011 Major Active Duty Selection Board, or directing his promotion consideration by a Special Selection Board for the FY 2011 Board; and, ordering defendant to direct the BCNR to decide plaintiff's claims for restoration of leave and payment of storage and Permanent Change of Station expenses that had been properly before the Board but left intentionally undecided by the Board's May 23, 2013 decision.

For his Complaint against defendant, the Honorable Ray Mabus, Secretary of the Navy (in his official capacity), plaintiff alleges as follows:

**Parties**

1.   Plaintiff is an officer on active duty in the United States Marine Corps, who has served on active duty for 12 years and 10 months.

2

2. Defendant, the Secretary of the Navy, is sued in his
official capacity as Secretary of the Navy.

## Jurisdiction

3. This action is one arising under the Constitution or
the laws of the United States pursuant to 18 U.S.C. § 1331.
Plaintiff seeks a Writ of Mandamus against the Secretary of the
Navy pursuant to 28 U.S.C. § 1361; and judicial review of the
decision of the Board for Correction of Naval Records pursuant
to the Administrative Procedure Act 5 U.S.C. § 702 and 10 U.S.C.
§ 875.

## Venue

4. Venue lies in this Court pursuant to 18 U.S.C. §
1391(e)(1)(A).

## Facts Relevant to All Counts

5. Plaintiff is a 2001 graduate of the United States Naval
Academy who was commissioned a Second Lieutenant in the United
States Marine Corps on May 25, 2001.

6. Plaintiff has served continuously on active duty since
he was commissioned an officer.

7. Plaintiff completed initial training at the Marine
Corps Basic School in Quantico, Virginia.

8. Following completion of the Basic Officer Course,
plaintiff was assigned to attend Navy flight training and

3

received his Naval Aviator's "Wings of Gold" on October 31, 2003.

9.   Plaintiff subsequently was assigned to train as an AV-8B Harrier pilot.  Following completion of Harrier training, plaintiff was assigned to a Fleet Marine Force Squadron, VMA-223.

10.   From August 2005 to March 2006 and from July 2007 to January 2008, plaintiff deployed with the 22nd Marine Expeditionary Unit ("MEU") and participated in air combat operations in joint military Operations IRAQI FREEDOM and ENDURING FREEDOM.

11.   Plaintiff has been decorated with following awards: six (6) Air Medals (Strike/Flight), the Global War on Terrorism Expeditionary Medal, the Global War of Terrorism Service Medal, the Humanitarian Service Medal, the National Defense Service Medal, two (2) Iraq Campaign Medals, two (2) Sea Service Deployment Ribbons, and two (2) Navy Meritorious Unit Commendations.

12.   Following his successful tour in a deployed afloat squadron, plaintiff was selected to attend the highly competitive Marine Corps Expeditionary Warfare School ("EWS") course at Quantico, Virginia.

4

13.   Plaintiff reported for duty at EWS in July 2008.

14.   On December 12, 2008, a single charge and specification was preferred alleging that plaintiff, then a Captain in the United States Marine Corps, committed aggravated sexual assault on AN, a long-time family friend with whom plaintiff had a prior sexual relationship.[1]

15.   On March 2, 2009, an Article 32 preliminary hearing was conducted at Marine Corps Base, Quantico, Virginia, to investigate the Charge and Specification as required by Article 32, U.C.M.J., 10 U.S.C. § 832.

16.   At the Article 32 investigation, AN testified under oath, subject to cross-examination.

17.   Also admitted as an exhibit at the Article 32 hearing was detailed, five-page Declaration signed by plaintiff pursuant to the penalty for perjury (per 28 U.S.C. § 1746), which had been provided to the Naval Criminal Investigative Service during the course of the criminal investigation, concerning the circumstances of his prior sexual relationship with AN and his

---

[1] The specification alleged:

> In that Captain Nicholas S. Stewart, U.S. Marine Corps, on active duty, did, at or near Fairfax, Virginia, on or about 17 May 2008, engage in a sexual act, to wit: using his penis to penetrate the vagina of [AN], who was substantially incapacitated or substantially incapable of declining participation in the sexual act.

recollection of consensual sexual relations with AN on the date
in question.

18.   The Article 32 investigating officer[2] who heard all of
the evidence and was charged with making a recommendation for
disposition recommended that the Charge and Specification be
withdrawn and dismissed and not prosecuted.

19.   Notwithstanding the recommendation of the seasoned and
experienced Article 32 investigating officer, the Commanding
General, Training and Education Command, referred the Charge and
Specification to trial by general court-martial.

20.   In August 2009, while awaiting trial by court-martial,
plaintiff was selected for promotion to Major, USMC. Based on
his selection and lineal standing, plaintiff would have been
promoted to Major on November 1, 2011.

21.   Prior to trial, plaintiff's defense counsel
successfully moved for severance of the facially duplicitous
specification into two separate specifications after the
military judge refused to require the Government to elect a
theory of prosecution under the duplicitous specification.

22.   Following pleas of Not Guilty, on September 17, 2009,
a military panel acquitted plaintiff of the first severed

---

[2] The investigating officer was a Marine Corps Reserve Colonel judge advocate
whose civilian employment was as the elected Commonwealth's Attorney for the
City of Salem, Virginia.

specification of aggravated assault, but convicted plaintiff,
contrary to his plea, of the second severed specification of
aggravated sexual assault, in violation of Article 120, Uniform
Code of Military Justice [hereinafter U.C.M.J.], 10 U.S.C. §
920.  The two specifications, while worded slightly differently,
alleged the same conduct, at the same time, and at the same
place, and the alleged criminal conduct was defined identically
by the military judge's instructions to the members on findings.

   23.   On September 18, 2009, the court-martial sentenced
appellant to total forfeitures of pay and allowances, two years
confinement, and a dismissal.

   24.   As is standard in military justice practice, plaintiff
was taken into custody and began serving his sentence to
confinement on the same day that sentence was announced.[3]
Plaintiff was, at all times relevant to this case, incarcerated
in facilities under the jurisdiction of defendant.

   25.   On December 29, 2009, the convening authority approved
the findings and sentence as adjudged.

   26.   In due course, plaintiff appealed to the all-military
officer Navy-Marine Corps Court of Criminal Appeals.  That court

---

[3] There is no bail awaiting appeal in the military. Plaintiff was
granted parole on his first consideration after serving 11 months of
confinement and was released on parole from the Camp Lejeune Regional
Confinement Facility 12 months after he had been sentenced.

7

denied plaintiff's appeal in an unpublished opinion on January 31, 2011.

27. As was his right, plaintiff petitioned for a grant of review with the United States Court of Appeals for the Armed Forces ("C.A.A.F."), a court comprised of all civilians that is sometimes referred to as the "Supreme Court of the military."

28. Plaintiff's petition for grant of review was approved by the C.A.A.F. on 3 issues:

> Under *United States v. Prather*, is it legally possible for the prosecution to disprove an affirmative defense beyond a reasonable doubt once the military judge has determined that the defense has been proved by a preponderance of the evidence and, if not, is the military judge required to enter a finding of not guilty in such a case under RCM 917?
>
> Whether the Navy-Marine Corps Court of Criminal Appeals erred in finding the evidence factually sufficient beyond a reasonable doubt to sustain Appellant's conviction under Specification 2 because in doing so it (1) violated the *Prather* legal-impossibility principle and (2) impermissibly found as facts allegations that he was found not guilty of in Specification 1.
>
> Whether the military judge committed prejudicial error by requiring the defense to present evidence on the defense of consent at an Article 39(a) session prior to trial.

*United States v. Stewart*, 70 M.J. 331 (C.A.A.F. 2011) (order granting review).

29. Plaintiff's case was fully briefed on each of the issues and his case was set for oral argument before the Court.

30. Following full briefing and oral argument before C.A.A.F., on March 6, 2012, the Court found that plaintiff's conviction of the same offense for which the court-martial had already acquitted plaintiff violated the Double Jeopardy Clause of the 5th Amendment to the United States Constitution, set aside plaintiff's conviction and sentence, and dismissed the Charge and Specification with prejudice. *United States v. Stewart*, 71, M.J. 38 (C.A.A.F. 2012).

31. As a result of the court's resolution of the Double Jeopardy issue, the remaining issues that were granted review were left undecided by the Court. *Id.*

32. Following the dismissal of the Charge and Specification by C.A.A.F., and no appeal of that decision by the Government within the time permitted by law, plaintiff was ordered back to active duty from involuntary appellate leave to his previous duty station at Quantico, Virginia.

33. After returning to Quantico, plaintiff made official inquiries into the status of his promotion to Major.

34. Plaintiff was notified by a staff officer at Headquarters Marine Corps ("HQMC") that his promotion had

expired without action by the Marine Corps after 18 months based upon a memorandum which was addressed to plaintiff.

35.   Plaintiff requested a copy of the document to which the HQMC staff officer referred and a copy was provided to plaintiff via e-mail.

36.   The memorandum provided by HQMC, which had never been provided to plaintiff at any time prior to his discussion with the Marine Corps headquarters staff officer, purported to inform plaintiff that his promotion had been "delayed" by the Commandant of the Marine Corps in accordance with the provisions of 10 U.S.C. § 624 and that the Commandant was considering recommending plaintiff's removal from the promotion list.

37.   The letter was dated March 5, 2010, a date after plaintiff had been incarcerated as a result of his conviction and specifically referred to plaintiff's conviction as the asserted grounds for the actions contemplated.

38.   The required acknowledgment of receipt of the letter and election as to whether a statement would be submitted was not signed; there was no indication that any effort had been made to serve the letter on plaintiff, and plaintiff notified his chain of command and HQMC that he had never received, nor been advised of the letter purporting to notify him that his

10

promotion had been delayed and that he was under consideration
for promotion list removal.

39.   While plaintiff was incarcerated or on appellate leave
he was not considered by either the FY 2012 Major Selection
Board nor the FY 2013 Major Selection Board.

40.   After plaintiff was returned to active duty, and
before any action had been taken to correct plaintiff's official
records to reflect the reversal of his conviction, plaintiff was
considered by the FY 2014 Major Selection Board and failed
selection by the Board, which had before it the information
about plaintiff's wrongful conviction by general court-martial.

41. On or about June 14, 2012, plaintiff filed with the
Board for Correction of Naval Records an Application for
Correction of his Naval Record, relying upon Article 75,
U.C.M.J., 10 U.S.C. § 875, which mandates, *inter alia*, that when
a military conviction is overturned on appeal, the service
member is entitled to restoration of "*all rights, privileges,
and property* affected by an executed part of a court-martial
sentence which has been set aside or disapproved. . . ."
(emphasis supplied).

42.   As the Marine Corps continued to act dilatorily in
affirmatively restoring plaintiff to the *status quo ante*,
through counsel, plaintiff supplemented his Application

11

demanding specific relief under the "restoration" provision of
law which was both warranted and compelled as a result of the
reversal of his conviction and dismissal of the Charge and
Specification with prejudice, and which was binding on all
departments of the Government pursuant to Article 76, UCMJ, 10
U.S.C. § 876.

43.   Plaintiff requested the following relief as a result
of Article 75, and legal error and injustice:

a.   Removal from his official record of a performance
evaluation covering the period 8 May to 18 September 2009 which
reported plaintiff's conviction by court-martial;

b.   Removal from his official record of all other
documents reflecting plaintiff's conviction by general court-
martial;

c.   Placement of an appropriate administrative filler
directing that any promotion board not consider nor draw adverse
inference from the gap in plaintiff's official record covering
the period 8 May to 18 September 2009;

d.   Direct that no information about events leading to
his trial, conviction and successful appeal be reported to any
agency or Department of Defense personnel for the purpose of
calling into question his fitness for future appointments;

e.   Direct that the DNA sample obtained as a result of
his conviction, and any typing of the sample be destroyed and
expunged from the Combined DNA Index System (CODIS);

f.   Re-instate plaintiff to the Fiscal Year 2011 Major
Promotion List, or alternatively, grant plaintiff Special
Selection Board (SSB) consideration for the FY 2011 Major
Selection Board and, if necessary the FY 2012 Major Selection
Board;

g.   Remove plaintiff's deemed failure of selection by the FY 2011 Major Selection Board which was solely the result of the wrongful conviction, and removal of plaintiff's failure of selection by the FY 2014 Major Selection Board;

h.   Set aside any action to remove plaintiff from active duty on 1 July 2013 by reason of failures of selection by the FY 2011 and FY 2014 Major Selection Boards;

i.   Remove plaintiff's failure of selection by the FY 2013 Transition/Conversion Board (TCB) for F-35 transition and grant him reconsideration by the F-35 TCB with a corrected record;

j.   Adjustment to plaintiff's leave balance for leave lost as a result of plaintiff's conviction;

k.   Award plaintiff his moving expenses incurred as a result of his incarceration and return to active duty.

44.   On or about and between September 14, 2012 through February 27, 2013, the Marine Corps provided a series of "advisory opinions" to the Board for Correction of Naval Records (hereinafter "the Board", which concluded plaintiff was entitled to relief and which recommended that the majority of plaintiff's requests for affirmative relief be granted or provided alternative means to seek the specific redress requested.   The Marine Corps subject matter experts advised the Board that plaintiff was entitled to relief in the following forms:

a.   The fitness report covering the period 8 May to 18 September 2009 should be removed from plaintiff's official record and that memorandum addressing the gap in plaintiff's record be inserted into plaintiff's official record;

13

b. That plaintiff's failures of selection on the FY 2011 and FY 2014 promotion selection boards should be removed from plaintiff's official record;

c. That plaintiff be considered for promotion by a Special Selection Board for FY 2012 and FY 2013, if necessary.

d. That any action to effect plaintiff's discharge on 1 July 2013 as a result of the failures of selection should be set aside;

e. That HQMC had no objection to granting plaintiff's request for an order that no information about the events leading to his trial, conviction and successful appeal be reported to any agency or Department of Defense personnel for the purpose of calling into question his fitness for future appointments because "the Judge Advocate Division will not report the allegations [involved in the trial] as adverse matters because the ODN [Officers Disciplinary Notebook] reflects that the allegations were unsubstantiated as a result of CAAF's decision" (emphasis supplied).

f. That plaintiff was entitled to the relief requested with respect to consideration by the F-35 transition.

g. That plaintiff was entitled to restoration of his leave lost as a result of his erroneous conviction and incarceration;

h. That plaintiff was entitled to payment of his storage and moving expenses incurred as a result of his erroneous conviction in violation of the Constitution.

45. On May 23, 2013, the BCNR issued its written decision on plaintiff's Application for Correction of his Naval Record. The Board recommended the following partial relief which was approved by the official delegated authority by defendant to decide the case:

a. That the deemed failure of selection on the FY 2011 Major Selection Board occasioned solely as a result of

plaintiff's court-martial conviction would <u>not</u> be removed from plaintiff's official record;

b. That plaintiff's naval record be corrected by removing his failure of selection by the FY 2014 Major Selection Board so that his record will reflect only his deemed failure of selection for promotion to major, by virtue of his removal from the FY 2011 Major Promotion List;

c. That any discharge or other action based in any way on Petitioner's failure of selection by the FY 2014 Major Selection Board be cancelled and, if necessary, that related documentation be removed from his record;

d. That Petitioner be granted SSB consideration for the FY 2012 Major Selection Board and, if necessary, the FY 2013 Major Selection Board as well;

e. That the CMC letter dated 14 August 2012, Subject Removal By Operation of Law from the FY 11 Major Promotion List be modified (but not removed from plaintiff's naval record);

f. That no information about the events leading to Petitioner's trial, conviction, and successful appeal be reported to any agency or Department of Defense personnel for the purpose of calling into question his fitness for future appointments;

g. That plaintiff's official record be corrected by removal of his failure of selection by the FY 2013 TCB for the F-35 transition and that plaintiff be granted reconsideration by the F-35 TCB with a corrected record;

h. That any material or entries inconsistent with or relating to the Board's recommendation be corrected, removed or completely expunged from Petitioner's record and that no such entries or material be added to the record in the future;

i. That plaintiff would have to apply from removal of his DNA sample from CODIS through the Department of Defense;

j. That plaintiff was required to re-apply to the BCNR for consideration of restoration of his annual leave balance lost as a result of his conviction by court-martial and

15

for payment of his moving and permanent change of station
expenses.

46.   On or about April 2013, plaintiff requested that the
Secretary of the Navy order that plaintiff be considered for
promotion by a Special Selection Board for the FY 2011 Major
Selection Board from which plaintiff's name had been withheld
from Senate action and which promotion had expired by operation
of law, according to the Marine Corps and the BCNR.

47.   Pursuant to 10 U.S.C. § 628(g)(3)(a), the Secretary of
the Navy failed to respond to plaintiff's request for an SSB
within 6 months, and his inaction is deemed by statute to
constitute a denial of the request.

48.   The Secretary of the Navy also failed to timely act on
the May 2013 recommendation of the BCNR to place Petitioner's
name before a FY 2012 Special Selection Board for consideration
for promotion.

49.   Since plaintiff's release from confinement, plaintiff
has been denied consideration for assignments appropriate to his
grade and Military Occupational Specialty because of his
uncertain status with regard to promotion and retention, actions
which have further irreparably harmed plaintiff's military
career.

16

## COUNT I.

### (Denial of Due Process in Delay and Promotion Removal)

50. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

51. Defendant, the Secretary of the Navy, denied plaintiff due process of law and governing regulation by failing to provide plaintiff with actual notice that his promotion had been delayed; failed to take reasonable steps to cause plaintiff to be served with notice of his promotion delay and intent to remove plaintiff's name from the promotion list despite plaintiff's confinement in a facility under the jurisdiction of Defendant; failed to afford plaintiff the opportunity to be heard on the issue of promotion delay and removal, as is required by law and regulation; and, failed to consider any statement by plaintiff as is required by both law and regulation before allowing plaintiff's promotion on the FY 2011 Major Promotion List to expire by operation of law.

## Count II

### (Failure to Restore Plaintiff as Required by Law)

52. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

53. Defendant, the Secretary of the Navy failed to order plaintiff's restoration to all rights, privileges, and property

17

as a result of the reversal of his conviction and sentence and dismissal of charges, as required by Article 75, UCMJ, and failed to assure that plaintiff was timely restored to all rights, privileges and property as was his duty under the law, which failure has damaged irreparably plaintiff's military career.

## Count III

### (Arbitrary and Capricious BCNR Decision)

54.   Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

55.   Defendant, acting through the Board for Correction of Naval Records, acted arbitrarily and capriciously and contrary to law and regulation by failing to restore plaintiff to all rights, privileges and property, as required by Article 75, UCMJ, and by failing to correct clear legal errors and injustices presented to it, as set forth in the following particulars:

a.   The Board failed to expunge the failure of selection occasioned by plaintiff's removal from the FY 2011 Promotion List, which promotion delay and removal was due entirely to plaintiff's "conviction at a general court-martial," which was obtained in violation of the United States Constitution, and therefore, was based upon clear and unequivocal legal error;

b.   The Board failed to correct the error and injustice of plaintiff's removal from the FY 2011 Major Promotion List by failing to order that plaintiff be re-

18

nominated for promotion to Major for consideration by the United
States Senate or considered for promotion by a Special Selection
Board for the FY 2011 Major Selection Board as an in-zone
Captain who had never been considered for promotion to Major;

      c.  Despite directing that "no information about the
events leading to Petitioner's trial, conviction and successful
appeal be reported to any agency or Department of Defense
personnel for the purpose of calling into question his fitness
for future appointments", the BCNR used the events leading to
plaintiff's trial – alleged "underlying evidence of misconduct"
– for which he had been acquitted and which HQMC reported in
correction as "unsubstantiated", in deciding whether plaintiff
should be afforded relief from the FY 2011 promotion list
removal;

      d.  Despite clear entitlement to moving expenses
incurred as a result of his incarceration and orders back to
active duty and submission of the evidence of those costs to the
Board, and the Board's finding that plaintiff had "exhausted all
administrative remedies which were available under existing law
and regulations within the Department of the Navy," the BCNR
failed to consider plaintiff's request for payment of these
expenses, and instead, directed plaintiff to re-apply to the
same board for such relief;

      e.  Despite clear entitlement to an adjustment of his
leave balance for leave lost as a result of his incarceration
and the Board's finding that plaintiff had "exhausted all
administrative remedies which were available under existing law
and regulations within the Department of the Navy," the Board
failed to decide plaintiff's claim for adjustment of his leave
balance.

      f.  That Board failed to order removal from
plaintiff's official record of the CMC letter dated 14 August
2012, Subject Removal By Operation of Law from the FY 11 Major
Promotion List, which was occasioned solely by plaintiff's
wrongful conviction in violation of the United States
Constitution.

WHEREFORE plaintiff requests that this Court enter judgment for plaintiff against defendant and order the following additional relief:

1) Enter a Declaratory Judgment against defendant that the delay of plaintiff's promotion and his removal from the FY 2011 Major Promotion List without affording plaintiff the due process required by law and regulation was legal error and a nullity;

2) Enter an Order compelling Defendant forthwith to restore plaintiff to all rights, privileges and property of which he was deprived as a result of his conviction in violation of the United States Constitution, including, but not limited to:

a. Expunging from plaintiff's official record the failure of selection on the FY 2011 Major Promotion List occasioned by plaintiff's removal from that list without due process of law;

b. Directing defendant to take such action to restore plaintiff to the FY 2011 Major Promotion List or, alternatively, direct that defendant order a Special Selection Board for the FY 2011 Major Selection Board from which plaintiff was erroneously removed as a result of his legally erroneous and wrongful conviction in violation of the United States Constitution;

c. Order defendant to direct that the Board for Correction of Naval Records decide plaintiff's claims for restoration of leave and payment of storage and moving expenses incurred as a result of his conviction in violation of the United States Constitution that were before the Board and left undecided in the Board's May 23, 2013 decision within a reasonable time, i.e., no less than 120 days after entry of judgment in this case;

20

d.    Order defendant to cause the removal of the CMC letter dated 14 August 2012, Subject Removal By Operation of Law from the FY 11 Major Promotion List from plaintiff's official record.

3)   Order defendant to pay plaintiff's legal fees and expenses as the prevailing party pursuant to the Equal Access to Justice Act;

4) Order the continued jurisdiction of this Court until defendant has complied with the orders of the Court and reports to the Court compliance with same;

5)   Order such other relief as the court may deem warranted on the record.

Respectfully submitted,

Charles W. Gittins
(DC Bar # 429710)

P.O. Box 144
Middletown, VA 22645
(540) 327-2208
(866) 722-2798(fax)
e-mail:  cgittins@aol.com

*Counsel for Captain Stewart*

21

# CIVIL COVER SHEET

JS-44 (Rev. 7/13 DC)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Captain Nicholas Stewart, USMC<br>2451 Midtown Avenue<br>#610<br>Alexandria, Virginia 22303, | Ray Mabus, Secretary of the Navy<br>(in his Official Capacity)<br>1000 Navy Pentagon<br>Washington. D.C. 20350-1000 |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Charles W. Gittins<br>PO Box 144<br>Middletown, VA 22645 | Ronald C. Machen, Jr.<br>United States Attorney<br>555 Fourth Street, NW<br>Washington, D.C. 20530 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ◉ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place an X in one category, A-N, that best represents your Cause of Action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
- ☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Product Liability

◉ **C. Administrative Agency Review**
- ☐ 151 Medicare Act

**Social Security**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**     OR     ○ **F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 27 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Conditions
- ☐ 560 Civil Detainee – Conditions of Confinement

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**Other Statutes**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions
- ☐ 470 Racketeer Influenced & Corrupt Organization

- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 850 Securities/Commodities/Exchange
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/Privacy Act* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus – General<br>☐ 510 Motion/Vacate Sentence<br>☐ 463 Habeas Corpus – Alien Detainee | ☐ 442 Civil Rights – Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loan (excluding veterans) |
| ○ **K.** *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Labor Railway Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ **L.** *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 440 Other Civil Rights<br>☐ 445 Americans w/Disabilities – Employment<br>☐ 446 Americans w/Disabilities – Other<br>☐ 448 Education | ○ **M.** *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ **N.** *Three-Judge Court*<br><br>☐ 441 Civil Rights – Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi-district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Review of Agency Decision; 5 U.S.C. 701 et seq.; Mandamus pursuant to 28 U.S.C. 1361

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** _____ JURY DEMAND: | Check YES only if demanded in complaint YES ☐  NO ☒ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY** (See instruction)  YES ☐  NO ☒  If yes, please complete related case form

DATE: March 21, 2014     SIGNATURE OF ATTORNEY OF RECORD _Charles L. Tittle_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
**Authority for Civil Cover Sheet**

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and services of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the cover sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, DC, 88888 if plaintiff is resident of United States but not Washington, DC, and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed *only* if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only *one* category. You *must* also select *one* corresponding nature of suit found under the category of the case.

VI.  CAUSE OF ACTION: Cite the U.S. Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASE(S), IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

Captain Nicholas Stewart, USMC
2451 Midtown Avenue
Alexandria, VA 22303

)
)
)
)

_____

*Plaintiff(s)*

)
)
)

Civil Action No.

v.

)

Honorable Ray Mabus, Secretary of the Navy
(in his Official Capacity)
1000 Navy Pentagon
Washington, D.C. 20350-1000

)
)
)
)
)

_____

*Defendant(s)*

)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Honorable Ray Mabus, Secretary of the Navy
1000 Navy Pentagon
Washington, D.C. 20530-1000

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3)   you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Charles W. Gittins
P.O. Box 144
Middletown, VA 22645

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

United States District Court
for the District of Columbia
333 Constitution Ave., NW
Washington, D.C. 20001

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*

     ☐ I personally served the summons on the individual at *(place)*

            on *(date)*     ; or

     ☐ I left the summons at the individual's residence or usual place of abode with *(name)*

            , a person of suitable age and discretion who resides there,

on *(date)*      , and mailed a copy to the individual's last known address; or

     ☐ I served the summons on *(name of individual)*                    , who is

designated by law to accept service of process on behalf of *(name of organization)*

            on *(date)*     ; or

     ☐ I returned the summons unexecuted because             ; or

     ☐ Other *(specify):*

My fees are $      for travel and $      for services, for a total of $    0.00

I declare under penalty of perjury that this information is true.

Date: 

                                    *Server's signature*

                                    *Printed name and title*

                                    *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | |
|---|---|
| Captain Nicholas Stewart, USMC<br>2451 Midtown Avenue<br>Alexandria, VA 22303<br><br>_____<br>*Plaintiff(s)*<br>v.<br>Honorable Ray Mabus, Secretary of the Navy<br>(in his Official Capacity)<br>1000 Navy Pentagon<br>Washington, D.C. 20350-1000<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> Ronald C. Machen, Jr.
> United States Attorney
> 555 Fourth Street, N.W.
> Washington, D.C. 20530

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3)  — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Charles W. Gittins
> P.O. Box 144
> Middletown, VA 22645

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

United States District Court
for the District of Columbia
333 Constitution Ave., NW
Washington, D.C. 20001

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*                                    .

☐ I personally served the summons on the individual at *(place)*

on *(date)*                            ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)*                            , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)*                                    , who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)*                            ; or

☐ I returned the summons unexecuted because                                    ; or

☐ Other *(specify)*:

My fees are $                   for travel and $                   for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date:

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

Captain Nicholas Stewart, USMC )
2451 Midtown Avenue )
Alexandria, VA 22303 )
)
_____ )
*Plaintiff(s)* )
v. ) Civil Action No.
Honorable Ray Mabus, Secretary of the Navy )
(in his Official Capacity) )
1000 Navy Pentagon )
Washington, D.C. 20350-1000 )
)
_____ )
*Defendant(s)* )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Honorable Eric H. Holder, Jr.
Attorney General of the United States
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Charles W. Gittins
P.O. Box 144
Middletown, VA 22645

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

United States District Court
for the District of Columbia
333 Constitution Ave., NW
Washington, D.C. 20001

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*

    ☐ I personally served the summons on the individual at *(place)*

                      on *(date)*           ; or

    ☐ I left the summons at the individual's residence or usual place of abode with *(name)*

                      , a person of suitable age and discretion who resides there,

    on *(date)*          , and mailed a copy to the individual's last known address; or

    ☐ I served the summons on *(name of individual)*            , who is

    designated by law to accept service of process on behalf of *(name of organization)*

                      on *(date)*           ; or

    ☐ I returned the summons unexecuted because             ; or

    ☐ Other *(specify):*

    My fees are $         for travel and $        for services, for a total of $    0.00

    I declare under penalty of perjury that this information is true.

Date:

                                          *Server's signature*

                                          *Printed name and title*

                                          *Server's address*

Additional information regarding attempted service, etc: